# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DWAYNE LARCEL BROWN,** : | **CIVIL ACTION NO. 1:11-CV-384** |
| : | |
| **Petitioner,** : | **(Judge Conner)** |
| : | |
| v. : | |
| : | |
| **R. MARTINEZ, WARDEN** : | |
| : | |
| **Respondent** : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner Dwayne Larcel Brown ("Brown") requesting that this court vacate his federal sentence to the extent that he has been labeled a career offender. Also submitted is Brown's amended brief (Doc. 4-1) and exhibits (Doc 4-2).[1]

Preliminary review of the petition, and the amended brief and exhibits has been undertaken, see R. GOVERNING § 2254 CASES R.1(b) (applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court), and, for the reasons that follow, Brown's application to proceed in forma pauperis (Doc. 2) will be granted, and the petition will be dismissed for lack of jurisdiction.

## I.   Background

In July 2004, Brown pled guilty in the United States District Court for the Middle District of Florida to bank robbery charges. On July 27, 2004, he was

---

[1] Brown submits an amended brief(Doc. 4-1) and additional exhibits (Doc. 4-2.) These additional materials will be considered by the court.

sentenced as a career offender to a 170-month term of imprisonment, followed by supervised release. (Brown v. U.S. , No. 805-CV-1394T-27TGW, 2006 WL 3252664, at *1 (M.D. Fla. Nov. 8, 2006)). His direct appeal was dismissed by the United States Court of Appeals for the Eleventh Circuit based on an appeal waiver clause in the Plea Agreement. Certiorari was denied on October 31, 2005. Brown v. U. S., 546 U.S. 980 (2005) (mem).

Brown filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on July 26, 2005. (Brown v. U.S., No. 8:05-CV-1394T-27TGW, 2006 WL 3252664, at *1 (M.D. Fla. Nov. 8, 2006)). On November 8, 2006, the motion was denied. (Id.) Judgment was entered against Brown the following day. On appeal, the Eleventh Circuit affirmed in part, vacated in part without prejudice, and remanded to the district court with instructions. (Brown v. U.S., 257 F. App'x. 140, 146 (11th Cir. 2007)). On April 14, 2008, the United States District Court for the Middle District of Florida again denied the motion in all respects. (Brown v. U.S., No. 8:05-CV-1394-T-27TGW, 2008 WL 1733394, at *8 (M.D. Fla. 2008).) A search of the Eleventh Circuit's published and unpublished opinions revealed that Brown took no further action with respect to his § 3355 petition. http://www.ca11.uscourts.gov/index.php.

On September 19, 2008, Brown filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court. (Brown v. Martinez, No. 1:08-CV-1739, Doc. 1.) On November 4, 2008, the petition was dismissed for lack of jurisdiction. (Id. at Doc. 4.) No appeal was taken.

On April 27, 2009, Brown returned to the United States District Court for the Middle District of Florida trial court and filed a "Motion Attacking a Void Judgment" in his criminal case. (Brown v. U.S., No. 8:05-CV-1394-T-27TGW, Doc. 28.) The motion was denied on July 17, 2009. (Id. at Doc. 29.) Thereafter, he appealed and the United States Court of Appeals for the Eleventh Circuit denied the motion for a certificate of appealability on November 18, 2009. (Id. at Doc. 33.) On March 25, 2010, he filed a motion to amend the judgment rendered on November 9, 2006. (Id. at Doc. 34.) The motion was denied on July 9, 2010. (Id. at Doc. 39.) Brown filed a notice of appeal and, on January 21, 2011, the appeal was denied. (Id. at Doc. 41.)

On March 1, 2011, Brown filed the instant petition for writ of habeas corpus. (Doc. 1.) He seeks to proceed *via* § 2241, rather than 28 U.S.C. § 2255, because he has previously filed a § 2255 petition and his present action is not based on newly discovered evidence or a new rule of constitutional law that has been made retroactive to cases on collateral appeal. (Id.)

## II.    Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255.  Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).  Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the

3

request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In the case *sub judice*, Brown attempts to raise, for the first time, the issue of whether he was erroneously labeled a career offender and his federal sentence was improperly enhanced due to a clerical error made in the recording of a criminal judgment in a State of Maryland proceeding.[2] He states that he was made aware at

---

[2] He was initially charged with robbery and assault in proceedings held in Baltimore, Maryland. He agreed to plead guilty to second degree assault. However, according to Brown, the judgment erroneously indicates that he pled guilty to robbery and assault, not second degree assault, which places him in the career offender category for purposes of federal sentencing. (Doc. 1, at 9-10.)

his sentencing hearing that he was to be classified a career offender. Doc. 1, at 20.) At that time, he informed defense counsel that the information concerning the criminal conduct in the State of Maryland was erroneous. (Doc. 1, at 20.) Counsel took no action. Despite this knowledge, there is no indication that Brown ever raised this issue in post-judgment proceedings.

As noted above, he may not raise his present claims in a § 2241 petition without establishing that the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Clearly he is unable to establish inadequacy or ineffectiveness as he has not raised this issue in the collateral remedy process. However, even if he had raised it, his lack of success in that forum does not entitle him to proceed pursuant to § 2241. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: March 30, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DWAYNE LARCEL BROWN**, | : | CIVIL ACTION NO. 1:11-CV-384 |
| Petitioner, | : | (Judge Conner) |
| v. | : | |
| **R. MARTINEZ, WARDEN** | : | |
| Respondent | : | |

## ORDER

AND NOW, this 30th day of March, 2011, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The application to proceed in forma pauperis (Doc. 2) is GRANTED for purposes of the filing of the action.

2. The motion to amend brief (Doc. 4) is GRANTED and the amended brief (Doc. 4-1) and exhibits (Doc. 4-2) are accepted for filing and have been considered by this Court.

3. The petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction.

4. The Clerk of Court is directed to CLOSE this case.

       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge